﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191105-41648
DATE: May 29, 2020

ORDER

New and relevant evidence having been received, readjudication of the claim for service connection for a cervical spine condition, claimed as chronic neck pain, 

is warranted.

REMANDED

Entitlement to service connection for a cervical spine condition, claimed as chronic neck pain, is remanded. 

FINDING OF FACT

New evidence received after the July 2016 rating decision is also relevant to the issue of entitlement to service connection for a cervical spine condition. 

CONCLUSION OF LAW

The criteria for readjudicating the claim of entitlement to service connection for a cervical spine condition have been met. 38 C.F.R. §§ 3.2501(a)(1), 19.2 (eff. Feb. 19, 2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The AMA became effective on February 19, 2019. This law creates a new framework for Veterans dissatisfied with 

VA's decision on their claim to seek review. 

The Veteran served on active duty from September 1990 to February 1991. 

She also had additional Reserves service in the National Guard. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision. In November 2019, the Veteran timely appealed the June 2019 rating decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 U.S.C. § 5108(a) (Supp. 2019); 38 C.F.R. § 3.156(d). New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence refers to information that tends to prove or disprove a matter at issue in a claim and includes evidence that raises a theory of entitlement not previously addressed. 38 C.F.R. § 3.2501(a)(1). 

As background, in May 2016, the Veteran filed a claim for service connection for a cervical spine condition, claimed as chronic neck pain. In a July 2016 rating decision, the RO denied the claim. Part of the rationale for the July 2016 denial was that the evidence of record failed to show a currently diagnosed disability. 

The July 2016 rating decision became final when the Veteran did appeal that decision and VA did not actually or constructively receive new and material evidence during the one-year appeal period.

Thereafter, in June 2019, the Veteran submitted a supplemental claim with updated private treatment records which noted a diagnosis of facet hypertrophy of the cervical region and disc protrusion of C5-6 and C6-7 with osteophyte formation. 

In a June 2019 rating decision, the RO concluded that new and relevant evidence had not been submitted to warrant readjudication of the Veteran’s claim.

The Board finds that the Veteran’s private treatment records noting a diagnosis of facet hypertrophy of the cervical region and disc protrusion of C5-6 and C6-7 with osteophyte formation constitute new and relevant evidence because they contain information that tends to prove or disprove a matter at issue – a current neck disability. Therefore, the Board finds that readjudication of the claim of service connection for a cervical spine condition is warranted.

Regarding due process concerns, the Board is cognizant that the AOJ stated in the June 2019 rating decision that new and relevant evidence had not been submitted. This finding raises the issue of whether the Board can proceed to a merits-based analysis of the record without the AOJ first doing so. The Board notes that although the AOJ found that new and relevant evidence had not been submitted, it proceeded to consider the evidence of record as it relates to this case on the merits; therefore, on this basis, the Board finds that it may also consider the merits of this appeal without prejudice to the Veteran. 

REASONS FOR REMAND

The Veteran seeks service connection for a cervical spine condition, claimed as chronic neck pain. See 06/04/2019 VA 20-0995, Supplemental Claim Application. She contends that she fell off the back of a truck while on active duty in 1990, resulting in chronic neck pain and her current cervical spine condition. See 03/27/2019 VA 21-526EZ, Fully Developed Claim. Alternatively, she contends that that her current cervical spine condition was caused or aggravated by sit-ups she performed as part of military fitness testing.

As noted above, the Veteran has a current diagnosis of facet hypertrophy of the cervical region and disc protrusion of C5-6 and C6-7 with osteophyte formation. Reserves treatment records contain complaints of chronic neck pain, a March 2005 diagnosis of neck strain treated with muscle relaxants, and an October 2005 diagnosis of cervical radiculopathy. See 03/16/2017 Medical Treatment Record – Government Facility at 5; 05/11/2016 Medical Treatment Record – Government Facility at 1. More recently, a January 2019 private history and physical report indicates that the Veteran sought treatment for chronic neck pain and was diagnosed with facet hypertrophy of the cervical region. See 03/27/2019 Medical Treatment Record – Non-Government Facility. 

VA is obliged to provide an examination or obtain a medical opinion in a claim of service connection when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79, 81-83 (2006). The threshold for finding a link between current disability and service is low. McLendon, 20 Vet. App. at 83. 

Here, there is medical evidence of a diagnosis of a current cervical spine condition and lay evidence that the Veteran experienced symptoms of chronic neck pain 

in-service, indicating that her current neck disability may be associated with her active duty service. However, the Board notes that the record does not contain a medical opinion regarding the etiology of the Veteran’s current cervical spine condition. Based on this information of record at the time of the June 2019 rating decision, the Board finds that there was a pre-decisional duty to assist error as the low threshold for triggering the duty to assist was met, and a VA examination and medical opinion is thus warranted. On remand, the RO is to obtain a medical opinion on the etiology of Veteran's cervical spine condition.

This matter is REMANDED for the following action:

Schedule a VA medical opinion by an appropriate clinician to determine the nature and etiology of the Veteran’s current cervical spine condition. In light of the current national public health emergency, a records-based examination is warranted to address the Veteran’s claim to the extent that this may be accomplished without an in-person examination. The claims file is to be made available for the examiner’s review. 

For any current diagnosis, the examiner is to opine whether it is at least as likely as not (50 percent or greater probability) that the current condition was caused or aggravated by an in-service injury, event, or disease. Reserves treatment records show that the Veteran reported chronic neck pain in 2005. See 03/16/2017 Medical Treatment Record – Government Facility at 5; 05/11/2016 Medical Treatment Record – Government Facility at 1. 

A comprehensive rationale for all opinions is to be provided. All pertinent evidence, including both lay and medical, should be considered. If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training).

(CONTINUED ON THE NEXT PAGE)

 

The examiner is advised that the Veteran is competent to report her symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. Additionally, if an in-person examination is needed to answer the above, then the Veteran should be so scheduled.

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Tremont, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.